IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| U.S. Equal Employment Opportunity Commission,<br>  10 S. Howard Street, 3rd Floor<br>  Baltimore, MD  21201, | )<br>)<br>)<br>)<br>) | Civil Action No. |
| Plaintiff, | )<br>) | **COMPLAINT** |
| v. | )<br>) | **JURY TRIAL DEMAND** |
| The National Federation of the Blind,<br>  200 East Wells Street<br>  Baltimore, MD  21230, | )<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Joseph R. Massey II ("Massey") who was adversely affected by such practices.

As alleged with greater particularity in paragraph 15 below, the Equal Employment Opportunity Commission alleges that Defendant, The National Federation of the Blind, denied religious accommodations to Massey and terminated his employment based upon his inability to work on Saturday, the day his religion, Hebrew Pentecostal, honors as the Sabbath. As a result of the discriminatory practices by Defendant, Massey has suffered severe emotional distress damages and back pay losses.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant The National Federation of the Blind ("Defendant" or the "Employer"), a District of Columbia Non-Profit Corporation, has continuously been doing business in the State of Maryland and the City of Baltimore, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Massey filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7. On June 12, 2015 the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that it violated Title VII and inviting it to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On July 29, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. Following the formal issuance of the Notice of Failure of Conciliation the Commission, at Defendant's request, engaged in additional communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. The Commission was again unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. On August 6, 2015, the Commission again issued to Defendant a Notice of Failure of Conciliation.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

15. Since at least December 9, 2013, Defendant Employer engaged in unlawful employment practices at its Baltimore City office, where it employed Massey, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, the Commission alleges that Defendant discriminated against Massey on the basis of religion, Hebrew Pentecostal, as follows:

      a)      Massey is a practicing Hebrew Pentecostal, a Christian denomination that observes Saturday as the Sabbath. Pursuant to his faith Massey abstains from work from sunset Friday to sunset Saturday.

      b)      Defendant is a non-profit advocacy group for the blind.

      c)      On or around November of 2013, Defendant interviewed and hired Massey for a bookkeeping position.

      d)      In or around January of 2014, Defendant informed Massey that he was required to work certain Saturdays.

      e)      Massey attempted to engage in a dialogue with Defendant to identify accommodations for his religious restrictions against working on Saturday.

      f)      For example, Massey offered to work on Sundays or work late week nights as an accommodation.

      g)      Defendant declined to offer Massey a religious accommodation and is unable to show that it has or will suffer undue hardship.

      h)      On or about January 17, 2014, Defendant terminated Massey's employment because he was unable to work Saturdays.

16.      The effect of the practices complained of in paragraph 15 above has been to deprive Massey of equal employment opportunities and otherwise adversely affect his status as an employee because of religion, Hebrew Pentecostal.

17.      The unlawful employment practices complained of in paragraph 15 above were intentional and were done with malice or with reckless indifference to Massey's federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from continuing to refuse to reasonably accommodate religious beliefs and/or terminate individuals due to their religious convictions, and, any other employment practice which discriminates on the basis of religion.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of religion, including that it will comply with all aspects of Title VII.

D. Order Defendant Employer to make Massey whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay or reinstatement.

E. Order Defendant Employer to make Massey whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices describe above, including, but not limited to, their losses resulting from humiliation, pain, suffering, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendant Employer to pay Massey punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

/S
_____
MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

/S
_____
ERIC S. THOMPSON
Trial Attorney
Ohio Bar No. 0071956

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street
3rd Floor
Baltimore, Maryland  21201
Phone:  (410) 209-2232
Fax: (410) 962-4270